Argued and submitted March 11, affirmed June 8, 1983

In the Matter of the Tax and
Deficiency Assessments of:

AAA Tax Service,
Joyce E. Wilson, dba

AAA TAX SERVICE,
WILSON, DBA,
*Petitioner,*
*v.*
EMPLOYMENT DIVISION OF THE
STATE OF OREGON,
*Respondent.*

(82-T-54; CA A25801)

664 P2d 433

Jeffery D. Herman, Springfield, argued the cause for petitioner. With him on the brief was Wiswall, Svoboda, Thorp & Dennett, P.C., Springfield.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Dep-

uty Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

### VAN HOOMISSEN, J.

■    Petitioner appeals a referee's order affirming the Employment Division's payroll tax and deficiency assessment against her. She contends that: (1) the referee erred in failing to apply properly the relevant criteria in determining whether persons who performed handyman and janitorial services for her were customarily engaged in an independently established business; (2) the referee erred in finding that she had a right of control and direction over those persons; and (3) there is no substantial evidence to support the referee's conclusion that those persons were subject workers under ORS 657.040 requiring payment of employment taxes on their wages. We have reviewed those contentions and find no error.[1]

■    Petitioner also contends that the referee improperly failed to consider the fact that ten of the persons received less than $1,000 over the three-year period involved and, in so doing, misapplied the principle of lack of economic dependence enunciated in *Sharp v. Employment Division,* 47 Or App 733, 615 P2d 374, *rev den* 290 Or 211 (1980), where we noted that four individuals did not earn enough to be eligible for unemployment compensation. On that basis, we concluded they were not "economically dependent" on the petitioner. That lack of economic dependence, together with other evidence, led us to conclude that those individuals were not employes for the purpose of the Unemployment Compensation law. *Sharp v. Employment Division, supra,* 47 Or App at 741-42. Since our decision in *Sharp,* however, ORS 657.040 has been amended to add the following language:

> "(3)    A finding that an individual performed services for an employing unit and earned less than the minimum amount necessary to qualify for benefits under ORS 657.150 based on earnings from that employing unit shall not be considered in determining whether such service is employment under this section."

Therefore, the referee correctly refused to consider this information in his determination of the individuals' status under ORS 657.040.

Affirmed.

---

[1] It is our policy to report the outcome of employment tax cases only in summary fashion. *The Ponderosa Inn, Inc. v. Emp. Div.,* 63 Or App 183, n 1, 663 P2d 1291 (1983).